KATZ v. POTTER.

(Supreme Court, Appellate Term. January 21, 1910.)

JUDGMENT (§ 251*)—CONFORMITY TO PLEADINGS AND PROOF.

Inclusion in a judgment of the amount claimed in a cause of action explicitly abandoned on the trial was error.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Samuel A. Katz against Leo Potter. From a judgment for plaintiff, after a trial without a jury, defendant appeals. Modified.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Oscar Englander and Harry A. Gordon, for appellant.

Stern, Singer & Barr (E. W. Tyler and Henry B. Singer, of counsel), for respondent

GIEGERICH, J. The action is to recover $407.66, the excess of moneys advanced by the plaintiff to the defendant, a salesman, for traveling expenses, over and above the commissions earned by the latter. The amount of the commissions earned, as well as the sums advanced, were agreed upon at the trial, and the sole question there litigated was whether, as contended for by the defendant, the traveling expenses were to be borne by the plaintiff, irrespective of the commissions earned, or, as claimed by the plaintiff, they were to be deducted from commissions, and, if they were insufficient, the defendant was to pay the deficiency.

The justice decided in favor of the plaintiff, and upon careful consideration of the evidence I do not think his finding in that respect should be disturbed. In this view, the cases cited by the appellant have no application. It will be seen upon examination that in such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cases there was no agreement on the part of the salesman to pay any deficiency, while in the case at bar it clearly appears that the defendant agreed to pay any deficiency after applying commissions earned.

The second point urged by the appellant, however, is well taken, namely, that the judgment embraced the amount claimed in the second cause of action, which was explicitly abandoned by the plaintiff upon the trial. The inclusion of this amount by the trial justice was probably an inadvertence; but it necessitates a modification of the judgment by reducing it $6.80, the amount claimed in the second cause of action.

The judgment should therefore be modified, by reducing it from $448.87 to $442.07, and, as so modified, affirmed, with costs. All concur.